AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA
V.
Wayne Stephen Williams
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: CR05-17

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed  that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
  X  for which a maximum term of imprisonment of ten years or more is prescribed in  21 USC § 841
  ☐  under 18 U.S.C. § 924(c).
X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X  clear and convincing evidence  X  a preponderance of the evidence: Defendant is charged with trafficking in cocaine and cocaine base and possession with intent to distribute cocaine (3 drugs charges, all of which involve imprisonment over 10 years). One of the charges requires a minimum term of 20 years. As a result, the rebuttable presumption applies.
1. evidence against defendant is strong. Defendant attempted to flee local police both on foot and in his vehicle which he drove, after running a stop sign. On his person both crack and powdered cocain were found. in baggies. Near his person, marijuana and more cocaine were found. Defendant made statements against interest suggesting that the "dope" found near his person at the time of his arrest were his.
2. Defendant has a prior conviction for trafficking in cocaine in 1999. While on probation, after serving a prison term, he was found in violation of probation on three occasions, the last occurring in November 2004. Such conduct strongly indicates that defendant is not compliant to any supervision.
3. Although his girlfriend had offered for him to stay with her, she presently does not have a residence since the apartment complex where she lived with defendant was destroyed by a fire. Further, she confirmed that although defendant resided with her, he only did so 3 days a week. The other 4 days or so she was unaware of his whereabouts. During his interview with pretrial services, defendant referred to her as his former or ex- or soon to be ex-girlfriend.
4. Defendant proffered that he could reside with his mother, and that she would serve as a third party custodian. However, defendant admitted that he has had little contact with him family. In light of his past conduct with his girlfriend and his prior drug related offense, the court finds that it is very doubtful that defendant would abide by his mother's rules, or abide by any court order.
5. Defendant has been convicted of assault 2nd and carrying a concealed deadly weapon – crimes of violence. Further he has been convicted

AO 472 (Rev. 3/86) Order of Detention Pending Trial

for resisting arrest and his conduct in the present matters shows that he is a risk of flight. As a result this court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| April 4, 2005 | |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).