IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Crim. No. 05-17-KAJ |
| | : | |
| WAYNE WILLIAMS, | : | |
| | : | |
| Defendant. | : | |

**MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

The defendant, Wayne Williams, through his attorney, Penny Marshall, hereby moves this Honorable Court, to enter an order suppressing evidence obtained at the time of the arrest of Mr. Wayne Williams as a result of a search and seizure on or about March 1, 2005 and to suppress any statements taken at that time all pursuant to the Fourth and Fifth Amendment of the United States Constitution.

The defense submits the following in support of this motion:

1. Mr. Williams is charged with various drug offenses by indictment; the events are said to have transpired on March 1, 2005.

2. A stop, search and seizure of Mr. Williams is said to have occurred at about 9:50 p.m. in Seaford, Delaware. Upon information, the arrest of Mr. Williams was not based on a valid warrant, and there was not consent to search.

3. During a search of Mr. Williams police obtained the purported drugs that are the subject of the instant charges. After the arrest, comments were made by police in order to elicit inculpatory statements by Mr. Williams.

4. The Fourth Amendment of the United States Constitution provides that there shall be no searches or seizures except by warrant. In certain circumstances, probable cause may permit an individual to be searched or arrested. If no probable cause and no warrant exist,

however, suppression of any evidence recovered is required. Hayes v. Florida, 105 S. Ct. 1643 (1985); Dunnaway v. New York, 442 U. S. 200 (1979). Only when the officer by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." The Court in Terry explained that "the Fourth Amendment governs 'seizures' of the person which do not eventuate into a trip to the station house and prosecution for crime-'arrests' in traditional terminology. It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." Id. at 16. The Supreme Court has adopted an objective test to determine if a seizure has occurred. "[A] person has been 'seized' within the meaning of the Fourth Amendment, only if ,in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980).

5. "[I]n order to determine whether a particular encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officer's requests or otherwise terminate the encounter." Bostick, 111 S.Ct. at 2389. Put another way, the test is whether under the totality of the circumstances the police conduct would "have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business." Michigan v. Chesternut, 486 U.S. 567, 569 (1988). Factors for a court to consider

> include whether the suspect was physically intimidated or touched, whether the officer displayed a weapon, wore a uniform, or restricted the defendant's movements, the time and place of the encounter, and whether the officer's "use of language or tone of voice indicate[ed] that compliance with

the officers request might be compelled."

United States v. Wood, 981 F.2d 536, 539 (D.C. Cir. 1992) (quoting Mendenhall, 446 U.S. at 554). The "free to leave test" is an objective test which requires the court to consider the totality of circumstances in order to determine if a seizure has occurred. The essence of the test is whether the hypothetical reasonable person placed in the shoes of the defendant would have felt free to ignore the police and to walk away from them. United States v. Wilson, 953 F.2d 116, 122 (4th Cir. 1991).

6.  Police in this case stopped and searched Mr. Williams without a warrant and without probable cause.  As a result, the fruits of this illegal arrest including any evidence obtained, must all be suppressed. Wong Sun v. United States, 371 U.S. 471 (1963).

7.  Mr. Williams was questioned without counsel and initially without being advised of the consequences of speaking to police. At the time of the statements he was handcuffed and had been confronted and subdued by numerous police. The statements obtained from Mr. Williams were obtained in violation of his Fifth and Sixth Amendment Rights and without a knowing and intelligent waiver. Mr. Williams contends that the statements made after his arrest were not knowing and voluntary nor made in compliance with Miranda v. Arizona, 384 U.S. 436, 475 (1966). The United States bears the burden of proof to establish by a preponderance of the evidence whether Mr. Williams invoked a knowing, voluntary and intelligent waiver of his Miranda rights. This Court must make this determination considering the "totality of the circumstances." Oregon v. Bradshaw, 462 U.S. 1038, 1046 (1983) {quoting Edwards v. Arizona, 451 U.S. 476, 486 n. 9 (1981)}. Mr. Williams advances that the United States will be unable to meet its burden of proof, resulting in the suppression of each of Mr. Williams' post arrest statements.

**WHEREFORE,** for these reasons and any other such reasons as shall appear at the hearing of this matter Defendant Wayne Williams respectfully request that the Court enter an Order in the form attached hereto suppressing the evidence obtained on or about March 1, 2005.

Respectfully submitted,

 /s/ Penny Marshall
Penny Marshall, Esquire
Federal Public Defender
704 King Street. Suite 110
Wilmington, DE  19801
(302) 573-6010
Attorney for Defendant Wayne Williams

Dated:  May 27, 2005

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that a copy of Motion to Suppress Evidence and Statements is available for public viewing and downloading and was electronically delivered on May 27, 2005 to:

Shannon Thee Hanson
Assistant United States Attorney
The Nemours Building
1007 Orange Street, Suite 700
Wilmington, DE 19801


 /s/ Penny Marshall
Penny Marshall, Esq.
Federal Public Defender
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
Attorney for Defendant Wayne Williams