## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 05-17-KAJ |
| WAYNE STEPHEN WILLIAMS | : |
| Defendant. | : |

GOVERNMENT'S OPPOSITION TO MOTION TO SUPPRESS STATEMENTS

COMES NOW the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon Thee Hanson, Assistant United States Attorney for the District of Delaware, and hereby requests that this Court deny Defendant Wayne Williams' (hereinafter "Defendant") Motion to Suppress Statements without a hearing[1], and for its reasons states as follows:

1. On March 10, 2005, the Grand Jury for the District of Delaware charged the Defendant with one count of possession with intent to distribute more than fifty (50) grams of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and one count each of possession with intent to distribute cocaine and cocaine base, each in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

2. The Defendant's arrest occurred after a high speed car chase and subsequent foot

---

[1]The government recognizes and acknowledges that the suppression hearing, scheduled for June 27, 2005, at 9:30 a.m., is necessary and appropriate as to that portion of the Defendant's Motion that concerns evidence, specifically drugs, obtained from the Defendant's person and the surrounding area at the time of his arrest. This Opposition deals only with a post-arrest statement made by the Defendant while he was awaiting transport to the Seaford Police Department for processing.

chase by members of the Seaford and Blades Police Departments through the streets of Seaford, Delaware during the late evening hours of March 1, 2005. The Defendant was being chased after he failed to respond to police lights and sirens during an attempted routine traffic stop for running a stop sign.

3. On May 27, 2005, the Defendant filed a Motion to Suppress Evidence and Statements obtained from the Defendant upon and after his arrest. The Court has scheduled the suppression hearing for Monday, June 27, 2005, at 9:30 a.m.

4. As to the Defendant's statements, the Defendant's Motion alleges that "after [the Defendant's] arrest, comments were made by police in order to elicit inculpatory statements by Mr. Williams." Def. Mot. to Suppress at ¶ 3. The Defendant further summarily maintains that all "statements obtained from [the Defendant] were obtained in violation of his Fifth and Sixth Amendment rights and without a knowing and intelligent waiver." Def. Mot. at ¶ 7.

5. The Government is aware of only two incriminatory statements made by the Defendant after his arrest: one made while the Defendant was in the police car immediately after his arrest while he was awaiting transport to the Seaford Police Department, and one made when he was in the police station.

6. The Government does not intend to introduce the Defendant's inculpatory statement made at the police station because it concedes that the statement was not taken in compliance with the requirements of Miranda v. Arizona, 384 U.S. 436 (1966). Government counsel informed defense counsel that it would not be introducing this statement before the Motion to

Suppress was filed.[2] Thus, as to this statement, the Motion to Suppress is moot.

7. By contrast, the Government does intend to introduce in its case-in-chief the statement made by the Defendant while he was in the police car awaiting transport to the police station. The Government is not aware of any dispute about the facts surrounding this statement.

8. In specific, the Seaford Police Department typically maintains ongoing video and audiotape recordings in its police cars. Here, such a video/audiotape recorded and memorialized the Defendant's statement: "I got dope by the trashcan.[3]" The Defendant made this statement while he was sitting, alone, in the police car after his arrest. The statement was not elicited by any questioning; indeed, there were no witnesses to it. The audio/video equipment simply recorded events in and around the police car at the time of the Defendant's arrest, including the Defendant's *sua sponte* statement about his "dope.[4]" The government has played this tape recording for defense counsel and has also provided counsel with a copy.

9. The Government urges the Court to exercise its discretion to deny the Defendant's Motion to Suppress Statements without a hearing. Based on the uncontested facts surrounding this police car statement, the Defendant is not entitled to an evidentiary hearing because in his papers he has not satisfied his burden to "demonstrate a 'colorable claim' for relief." United

---

[2] The Government does, however, reserve the right to use this statement for impeachment and other purposes, should the Defendant testify at trial to the contrary.

[3] It should be noted that a quantity of crack cocaine and marijuana subsequently was found inside a Crown Royal bag by a trashcan near where the defendant was arrested.

[4] From the tape recording, the Defendant appears to have directed this statement to one of his relatives, who showed up at the scene shortly after the Defendant was apprehended. The Defendant apparently first tries to get his relative's agreement to pick him [the Defendant] up at the police station. Thereafter, the Defendant whispers that his "dope" is "by the trashcan."

States v. Voigt, 89 F.3d 1050, 1067 (3d Cir. 1996) citing United States v. Brink, 39 F.3d 419, 424 (3d Cir.1994) (remanding for hearing where defendant alleged facts that, if true, "could violate a defendant's rights under the Sixth Amendment"). The Third Circuit has described "colorable" as containing more than "bald-faced allegations of misconduct;" instead, there "must be issues of fact material to the resolution of the defendant's constitutional claim." Id.

10. Here, the Defendant baldly states that his Fifth and Sixth Amendment rights were violated, and that the Government would be unable to establish by a preponderance of the evidence that the defendant had knowingly, voluntarily and intelligently waived his Miranda rights. Def. Mot. at ¶ 7. In fact, the statement in question was not the product of police questioning and thus cannot have been the result of a Miranda violation, and the Defendant has not alleged any particular facts with respect to this statement which would demonstrate the existence of a violation of his Constitutional rights. Thus, he is not entitled to a hearing on this issue.

11. WHEREFORE, the Government respectfully requests that the Court deny the Defendant's Motion to Suppress the Defendant's statements without a hearing.

    Respectfully submitted,

    COLM F. CONNOLLY
    United States Attorney

    BY: _____
    Shannon Thee Hanson
    Assistant United States Attorney

Dated: June 24, 2005