Filed In Open Court 6/27/05 (NTL)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,  :  <br>   : <br>Plaintiff,  : <br>   : <br>v.  :   Criminal Action No. 05-17-KAJ <br>   : <br>WAYNE STEPHEN WILLIAMS,  : <br>   : <br>Defendant.  : | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon Thee Hanson, Assistant United States Attorney, and Penny Marshall, Esquire, attorney for the Defendant, Wayne Stephen Williams, the following memorandum of plea agreement (hereinafter the "agreement" or "Memorandum") is hereby entered into by the respective parties:

1. The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the Defendant with possession with intent to distribute more than fifty (50) grams of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A). The essential elements of the offense, each of which the Government would have to prove beyond a reasonable doubt at trial, are: (i) the Defendant possessed a substance that contained cocaine base; (ii) the Defendant knew that he was in possession of a controlled substance; (iii) the controlled substance weighed more than fifty (50) grams; and (iv) the Defendant intended to distribute the controlled substance. The maximum penalties for Count 1 of the Indictment are a minimum mandatory term of ten (10) years imprisonment and a maximum term of life

imprisonment, a $4,000,000 fine, or both, a maximum term of supervised release for life, with a minimum term of at least five years of supervised release following any term of imprisonment, and a $100 special assessment.

2. At or about the time of sentencing, the Government will move to dismiss Counts 2 & 3 of the Indictment against the Defendant.

3. The Defendant knowingly, voluntarily and intelligently admits the following facts:

(i) On or about March 1, 2005, the Defendant knowingly possessed more than fifty (50) grams of a mixture and substance containing cocaine base.

(ii) The Defendant knew that he was in possession of a controlled substance, namely cocaine base.

(iii) The Defendant intended to distribute the cocaine base.

4. The Defendant agrees to pay the special assessment of $100 at or before the time of sentencing. If the Court orders the payment of any fine as part of the Defendant's sentence, the Defendant agrees voluntarily to enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

5. The Defendant understands that, at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The Defendant further understands that the Government likely will recommend that the Court impose a sentence

consistent with the sentencing range set forth by the sentencing guidelines. The Defendant recognizes that the final determination of the Defendant's sentence will be made by the Court. The Defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The Defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or imposes a sentence greater than what he expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of his attorney.

6. Based on information known by the Government to date, at the time of sentencing the Government agrees to move for a three (3) level reduction in the offense level for the Defendant's affirmative acceptance of responsibility under U.S. Sentencing Guideline Section 3E1.1. The Government will make this motion because the Defendant has timely notified authorities of his intention to enter a plea of guilty, thereby allowing the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

7. The parties reserve the right to defend the Pre-Sentence Officer's findings at the sentencing hearing and to defend the Sentencing Court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. Thus, if the Court decides not to follow any stipulation or recommendation in this Memorandum, or if the Defendant does not receive the benefits he expects from any such stipulation or recommendation, the Defendant may not withdraw his guilty plea.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned

parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____  
Penny Marshall, Esq.  
Attorney for Defendant

_____  
Wayne Stephen Williams  
Defendant

COLM F. CONNOLLY  
United States Attorney

BY: _____  
Shannon Thee Hanson  
Assistant United States Attorney

Dated: ___6/27___, 2005

* * *

**AND NOW** this _27th_ day of ___June___, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____  
THE HONORABLE KENT A. JORDAN  
UNITED STATES DISTRICT JUDGE  
DISTRICT OF DELAWARE

4