NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4649
_____

UNITED STATES OF AMERICA

v.

WAYNE STEPHEN WILLIAMS,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 05-cr-00017)
District Judge: Honorable Kent Jordan

_____

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2006

Before: FUENTES, FISHER and McKAY,[*] *Circuit Judges*.

(Filed October 13, 2006)
_____

OPINION OF THE COURT
_____

---

[*]The Honorable Monroe G. McKay, United States Circuit Judge for the Tenth Circuit, sitting by designation.

FISHER, *Circuit Judge*.

Wayne Stephen Williams appeals his sentence for possession with intent to distribute crack in violation of 21 U.S.C. § 841. Williams argues that the District Court did not adequately consider the sentencing factors set forth in 18 U.S.C. § 3553(a), and that it was unreasonable for the District Court to sentence him to the range prescribed by the Sentencing Guidelines using the Guidelines' formula for crack cocaine. We will vacate the sentence and remand for re-sentencing in light of our decision in *United States v. Gunter*, No. 05-2952, 2006 WL 2589149 (3d Cir. Sept. 11, 2006).

I.

Under *United States v. Booker*, 543 U.S. 220 (2005), as the third step in determining criminal sentences, district courts must consider the factors set forth in 18 U.S.C. § 3553(a).[1] "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors." *United States v. Cooper*, 437 F.3d 324, 329 (3d

---

[1] "[O]ur post-*Booker* precedent instructs district courts to follow a three-step sentencing process.
(1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*.
(2) In doing so, they must formally rul[e] on the motions of both parties and stat[e] on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and tak[e] into account [our] Circuit's pre-*Booker* case law, which continues to have advisory force.
(3) Finally, they are required to exercise [ ] [their] discretion by considering the relevant [§ 3553(a)] factors in setting the sentence they impose . . . ."

*United States v. Gunter*, No. 05-2952, 2006 WL 2589149, *9 (3d Cir. Sept. 11, 2006) (internal citations and quotation marks omitted).

Cir. 2006). We do not require any specific form of invocation or recitation; we ask only whether the record reflects the district court's awareness of the statutory factors and its obligation to take them into account. In *Cooper*, we explained the standard as follows:

> The court need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing. Nor will we require district judges to routinely state by rote that they have read the *Booker* decision or that they know the sentencing guidelines are now advisory. On the other hand, a rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises a ground of recognized legal merit (provided it has a factual basis) and the court fails to address it.

*Cooper*, 437 F.3d at 329 (internal citations omitted).

In order to consider the factors, a district court must first correctly apprehend the breadth of allowable arguments under each factor. In *Gunter*, we held that it is reversible error for a district court to rule that it lacks discretion under § 3553(a) to consider arguments concerning the inequity of the 100:1 crack-to-powder cocaine sentencing differential. In that case, the defendant appealed to the criticisms and recommendations of change made by the Sentencing Commission in its 2002 report to Congress regarding the guidelines provisions governing crack cocaine.[2] The district court stated that it was

---

[2]*See* U.S. Sentencing Comm'n, Report to Congress: Cocaine and Federal Sentencing Policy ch. 8 (2002), *available at* http://www.ussc.gov/r_congress/02crack/ 2002crackrpt.pdf (exhaustively cataloging empirical evidence gathered since 1986 and concluding that the factual assumptions underlying the heightened crack punishments are uniformly erroneous); *id.* at 91 ("After carefully considering all of the information currently available . . . the Commission firmly and unanimously believes that the current

aware of the controversy surrounding the crack guidelines, and of the evidence amassed and arguments made by the Sentencing Commission, but that consideration of such evidence and arguments was not a proper judicial function – in short, that the court lacked authority to consider, in its evaluation of the § 3553(a) factors, the possible disparity of the guidelines for crack cocaine sentences.

We reversed, holding that district courts do have the authority to consider such arguments, and that sentences imposed absent recognition of that authority are invalid under *Booker*: "Post-*Booker* a sentencing court errs when it believes that it has no discretion to consider the crack-to-powder disparity incorporated in the Guidelines – but not demanded by 21 U.S.C. § 841(b) – as simply advisory at step three of the post-*Booker* sentencing process (imposing the actual sentence after considering the relevant § 3553(a) factors)." *Gunter*, 2006 WL 2589149, *11.[3] While reiterating that a District Court may not "categorically reject the 100:1 ratio and substitute its own," *id.*, *Gunter* holds that once a district court has properly calculated a defendant's sentence under the guidelines (using the 100:1 ratio adopted by Congress), it may consider the possible inequity of that 100:1 ratio in the third step of sentencing.

In *Gunter*, the district court rejected the defendant's challenge to the 100:1 ratio as follows:

---

federal cocaine sentencing policy is unjustified and fails to meet the sentencing objectives set forth by Congress . . . .").

[3]In *Gunter*, as here, 21 U.S.C. § 841(b) defines the substantive criminal offense.

> Doesn't a sentencing court have to respect the congressional intent with respect to sentencing for crack versus powder cocaine, and to take a position that does not recognize what Congress clearly intended, wouldn't that be a legislative act by a Court as opposed to a judicial act? I don't think the provisions that Congress has put up there for a Court to decide to consider suggest that the court can second guess Congress' well-spelled out intent with respect to sentencing. I don't think I can call it sentencing -- I don't think I can say that there should not be a sentencing disparity.

*Gunter*, 2006 WL 2589149, *2.

In this case, the District Court rejected the defendant's challenge to the 100:1 ratio as follows:

> [A]s you know, this is not the first time we've talked in this courtroom about the difference in treatment under the guidelines of powder cocaine and crack cocaine. So since you made the argument again, I'll just briefly restate that as important as this issue is, it's an issue to be addressed by the Sentencing Commission which is specifically set up to look at these kinds of things and the Congress of the United States. And they're aware of it and I don't think it's the province of the Court to say, well, I'm going to depart from the guidelines because as a matter of public policy, I disagree with those folks.

In this case, just as in *Gunter*, the District Court asserted that considering the merits of the 100:1 guidelines ratio was a policy consideration that lay outside the province of the judiciary. Under *Gunter* that assertion is reversible error. The District Court did not give proper consideration to the full range of evidence and arguments within its sentencing authority when considering the § 3553(a) factors at step three. *Gunter* therefore requires that we vacate Williams' sentence and remand this case so that the District Court can re-sentence Williams with a correct and complete understanding of the scope of its discretion under *Booker*.

Accordingly, the judgment of sentence will be vacated and the case remanded for re-sentencing.