**To:    Clerk of the Court**

**RE:    USA   v.   Wayne  S.  Williams      , Case No.**
05 - 17  (SLR)    **Hon.** Sue  L.  Robinson

**Dear Clerk of the Court,**

My name is    Wayne  S.  Williams    . I am the defendant in the above-captioned case and I request that you file the enclosed Motion to Modify a Term of Imprisonment pursuant to 18 U.S.C. § 3582 © (2).

Thank you for all of your time Clerk of the Court and your cooperation concerning this matter is greatly appreciated.

Sincerely,

Date: 2 / 35 / 03

Wayne S. Williams
Mr. Wayne S. Williams #04952-015
FCI-Gilmer / P.O. Box 6000
Glenville, W.V. 26351

MAR 1 4 2008

**Affidavit of** Wayne S. Williams **in support of Motion**
**To Modify A Term of Imprisonment**

Wayne S. Williams , being duly sworn, deposes and says:

1.    I am Pro Se Defendant in the case at bar and I submit the following herein based
      upon the amendment to the sentencing guidelines.

2.    The defendant was sentenced to One - Hundred & Thirty Five Mos, on
      April 12 , 2007 .

3.    On December 11, 2007, the U.S. Sentencing Commission made the 2-level
      reduction retroactive by a unanimous decision.

4.    On December 10, 2007, the U.S. Supreme Court decided Kimbrough v. U.S.,
      Case No. 06-6330.

5.    Scientists say there is no pharmaceutical justification for having different
      sentencing rules for crack and powder cocaine.

6.    The disparity between powder cocaine and crack cocaine cannot be justified
      because there is absolutely no difference between powder cocaine and crack
      cocaine.

7.      As the result of Congress failure to strike mandatory minimum for crack cocaine
        offenses to equalize or to a 20 to 1 ration, this Honorable Court is bound by the
        mandated minimum sentence and is therefore urged that a "downward departure"
        to the mandatory minimum sentence is the case at bar is appropriate.

Wayne Williams is ____ 34 ____ years old. Another ____ 6 ½ ____ years in

federal prison will serve no potential goal to reach rehabilitation. This seems tragically

unnecessary when he has the potential to be a positive and productive member of society and

family support to seek employment and begin to contribute gainful employment to society.

As the defendant he has informed his loved ones and now this Honorable Court,

"Rehabilitation is, out of conviction within, a self product." The defendant does not need

___us & 3 years in the federal prison to affect his rehabilitation; the process is already

underway.

WHEREFORE, I request that this affidavit support motion and factual discussions that

the relief sought be in all respects granted.

Respectfully Submitted,

Date: 2 / 25 / 2008

Wayne S. Williams
Mr. Wayne S. William # 04957 - 015
FCI-Gilmer / P.O. Box 6000
Glenville, W.V. 26351

Notary of Public:

NOTARY PUBLIC OFFICIAL SEAL
KELLI WILSON
State of West Virginia
Federal Bureau of Prisons-FCI Gilmer
My Commission Expires
July 24, 2016
P.O. Box 5000
Glenville, WV 26351

## UNITED STATES DISTRICT COURT

In And For The District OF Delaware

**UNITED STATES OF AMERICA,**
**Plaintiff,**

Hon. Sue L. Robinson
Case No. 05-17 (SLR)

**v.**

Wayne S. Williams,
**Defendant.**

_____ /

**Pro Per Defendant**

Mr. Wayne S. Williams
FCI-Gilmer
P.O. Box 6000
Glenville, W.V. 26351

_____ /

## DEFENDANT'S MOTION TO MODIFY A TERM OF IMPRISONMENT

NOW COMES Wayne S. Williams, Pro Se Defendant Respectfully Requesting to reduce the sentence by 2 levels as the result of the Sentencing Commission promulgated amendment to the Sentencing Guidelines, the effect of which lowers base offense levels for crack cocaine.

Pursuant to 18 U.S.C. § 3582 © (2) this motion contains the request and argument supporting request.

In support of this Motion, Pro Se Defendant __ W a y n e   W i l l i a m s __ states the following herein:

In the case at bar the defendant contends that the 100 to 1 ratio began in 1987 and for 20 years this federal law created unfair, unjust and irrational disparity between powder cocaine and crack cocaine. On December 11, 2007, the U.S. Sentencing Commission voted in unanimous decision to make the 2-level reduction retroactive and this is the basis to why the defendant brings this Motion To Modify A Term Of Imprisonment herein.

The U.S. Sentencing Commission Report decided that the 100 to 1 Ration between powder cocaine v. crack cocaine cannot be justified because scientists say there is no pharmaceutical justification for having different sentencing rules.

Pursuant to the Amendment, 5 grams of cocaine base are assigned a base offense level of 24 (51 to 63 months at Criminal History Category 1, which includes the five-year (60 months) statutory minimum for such offenses), and 50 grams of cocaine base are assigned a base offense level of 30 (97 to 121 months at Criminal History Category 1, which includes the ten-year (120 months) statutory minimum for such offenses). Crack cocaine offenses for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by two levels.

In 1995, the U.S. Sentencing Commission tried to equalize sentencing guidelines for crack and powder cocaine, while adding extra time for carrying weapons to bodily injury.

Congress passed and President Bill Clinton signed legislation that killed the Commission's

effort. In 1997, the Sentencing Commission recommended that the five-year trigger be raised to

125 grams and the ten-year trigger be raised to 375 grams of crack. Congress failed to act once

again. In 2002, the Commission recommended raising the five-year prison sentence trigger to 25

grams of crack and repealing the mandatory minimum for simple possession. Again Congress

failed to act to end the 100 to 1 ratio, the sentencing disparity between powder cocaine and crack

cocaine.

_Wayne  S. Williams_ is  __34__  _ years old. Another  __6 1/2__  years in

prison will serve no potential goal to reach rehabilitation. This seems tragically unnecessary

when he has the potential to be a positive and productive member of society and family support

to seek employment and begin to contribute gainful employment to society.


As the defendant he has informed his loved ones and now this Honorable Court,

"Rehabilitation is, out of conviction within, a self product." The defendant does not need

__|| yrs. 3 mos. years in federal prison to affect this rehabilitation; the process is already underway.

## Brief to Support Motion to Modify A Term of Imprisonment

The following legal discussions herein support motion to modify a term of imprisonment and the defendant contends that the legal arguments constitute why the relief sought should be granted by this Honorable Court:

Section 3582 © (2) of Title 18, United States Code, provides: "[I] in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994 (o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

In U.S. v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the sentencing guidelines are advisory only, not mandatory. The other factors set forth in 18 U.S.C. § 3553 (a) must also be considered in fashioning the appropriate sentence. See Booker, 125 S. Ct. At 790, (sentencing guidelines are but one of many statutory concerns that federal courts must take into account during sentencing determinations). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deference to criminal

1

conduct; © to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the advisory guideline range; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense.

(1) the nature and circumstances of the offense;

The defendant Williams was arrested and the police seized 54.1 grams of cocaine base "crack". Mr. Williams was a low-level drug dealer although he resisted arrest in the instant case his current offense consists of non-violent conduct and all this must be considered in the case at bar.

The history and characteristics of the defendant;

The history of the defendant proves that he has a history of substance abuse problems but Mr. Williams has been incarcer- ated for 3 years. At this point he will be entering into the 40 hour drug program. Also, within 36 months of his release he will be placed in the 500 hour residental drug program. As a result to Mr. Williams dedicating his life to God and receiving the FBOP's excellent drug rehabilitation substance abuse program, Mr. Williams has a high probability of becoming a positive and productive member of society upon his release.

The characteristics of the defendant Williams are twofold. At one point the defendant was headed in the wrong direction but presently he wishes to become a positive and productive member of society upon his release, seek employment and become

2

a family man and also be an asset to the Charolette community. In an substantial effort to rehabilitate himself and prepare for life after his incarceration, the defendat has obtained his G.E.D., an Electrician Apprentice License and is days away from earning his journymans in Electicial Maintenance.

Mr. Williams has finally reached a turning point in his life and is ready to get married to his girlfriend, be a real father to his children and enjoy his freedom as a positive and productive law abiding citizen upon his release.

It is very critical that the defendant Williams be released at the earliest possible date and be reunited with his precious children and future wife who miss him dearly. See, U.S. v Mililowsky, 65 F.3d 4,8 (2nd Cir. 1995)(Among the permissible justifications for downward departure...is the need, given appropriate circumstances, to reduce the destructive effects that incarceration of a defendant may have on a innocent third party.) See generally, John Hagan & Ronit Dinoxitzer, Collateral Consequences of Imprisonment for Children, Communities and Prisoners, 26 Crime & Justice 121 (1999).

This Court should consider the collateral consequences that the incarceration of Mr. Williams does to innocent family members, most importantly his children. See U.S. Kloda, 133 F.Supp.2d 345 (S.D. N.Y. 2001) (Father and daughter who filed tax returns for their business entitled to downward departure in part because of need of daughters small children. A judge must sentence "without being indifferent to a defendant's plea for compassion, for compassion is a component of justice".)

3

(2) The need for the sentence imposed- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just  punishment for the offense;

The Defendant Williams faced a mandatory 10 years in prison. Had he possessed 4.2 grams less than what he was caught with his mandatory minimum would have only been 5 years. Mr. Williams was a low-level dealer who  sold just enough crack to support his habits and survive. In the instant case a sentence of 10 years would be appropriate for a drug dealer of Mr. Williams magnitude. He was sentenced to 135 months for 54.1 grams of crack. This sentence can not within an civilized society be considered just punishment for the crime in question. It does not promote respect for the law, is injust, grossly unfair and disproportionate to the crime committed. See U.S. V. Antonakopoulos, 399 F.3d 68,81(C.A.1,2005) (History shows that the mandatory nature of the guidelines has produced particular results which lead trial judges to express that the sentences imposed were unjust, grossly unfair, or dis- proprotionate to the crime committed, and the judges would other- wise have sentenced differently.) A sentence that is to long for the offense does not promote respect for the law; but the oppisite. See Williams v. U.S.,2006 WL 68559(11th Cir.) (Where D convicted of sale of $350 of crack and is career offender, 188 months is to long and promotes disrespect for law, 3553(a)(2), so departure to 90 months not unreasonable where "sufficient but not greater than necessary"). Also see; U.S. v. Leroy, 373 F.Supp.2d 877 (E.D. Wisc. 2005) (Sentence of 70 months, rather than USSG sentence of 100 to 125 months, was sufficient, but not greater than necessary, to serve purpose of sentencing, in context of defendant's convic-

4

tion on charge of possession with intent to distribute unspecified amount of cocaine base, since 20 to 1 crack versus powder cocaine sentencing ratio was more reasonable than the guidelines 100 to1 ratio, record contained evidence about defendants positive personal qualities, and defendant displayed insight into his conduct at sentencing);

(B) To afford adequate deference to criminal conduct;

As the result of defendants possession of just over 4.2 grams of crack to trigger the 10 year mandatory minimum which only re-quires 50 grams, the mandatory minimum in this case should be deemed appropriate. There was no violence involved in the case and defendants crime is non-violent, therefore a sentence of 10 years is truly adequate.

(C) To protect the public from further crimes of the defendant;

In the instant case a sentence to the 10 year mandatory minimum is appropriate as it is mandated in the case at bar. A 10 year sentence will indeed provide effective means to protect the public from further crimes by Mr. Williams. At this point in the defendants life he poses no threat to the community as he is a man of God and now has a career as an certified Electr-ician upon his release. Thus a 10 year sentence is more than adequate to protect the public as Mr. Williams has a high probability of becoming a successful member of society upon his release from prison.

(D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treat-ment in the most effective manner;

In the instant case the mandatory minimum sentence of 10 years is more than adequate sentence for Mr. Williams when gaging his crime. Defendant barely possessed enough "crack" to trigger the mandatory 10 to life statute.

Defendant Williams contends that imprisonment is not an appropriate means of promoting correction and rehibilitation. The most effective method to ensure and provide educational and vocational training for the defendant would be to reduce his sentence to 120 months, the mandatory minimum mandated by congress. Said sentence is more than enough time for the defendant to accomplish any and all educational and vocational training. Therefore Mr. Williams argues that a 10 year sentence is appropriate for his actions.

Section 3582 also directs the court, "in determining whether to impose a term of imprisonment...[to] consider the factors set forth in section 3553(a)...RECOGNIZING that imprisonment is not an appropriate means for promoting correction and rehabilitation." 18 U.S.C 3553(a)[emphasis added].

(3) The kinds of sentences available;

In the instant case Congress requires a 10 year mandatory minimum on the instant offense. Mr. Williams is filing this 3582 breif herein in light of the U.S. Sentencing commissions decision making the 2-level reduction for crack cocaine retroactive. The defendants offense level is 29 for an "advisory" guideline range of 121-151 months.

The defendant is currently serving a 135 months, and urges this court to resentence him to the 10 year mandatory minimum, the more appropriate sentence. If this Honorable

6

would reduce Mr. Williams sentence pursuant to the 2-level reduction and the recent Supreme decision KIMBROUGH, defendants sentence would represent his conduct, promote just sentencing and curb irrational sentencing disparity between powder cocaine and cocaine base "crack".

(4) The advisory guidelines range;

In the instant case the new advisory guideline range for Mr. Williams is offense level 29. With a criminal history IV the sentencing range is 121-151 months respectfully.

(5) Any pertinent policy statements issued by the sentencing commission;

Pertinent reports issued by the U.S. Sentencing commission that are relevant to the case at bar.

The defendant contends that this Honorable court should consider the U.S. Sentencing commissions 2002 report which recommends a 20 to 1 ratio between crack and powder cocaine. At the time it issued this report, the commision did not explain why it decided to extend the 1986 Acts "quanity- based approach in this way". 2004 Report at 49. But it soon became clear that with respect to cocaine, the guidelines use of the 100 to 1 ratio between powder and crack cocaine raised sufficient problems. See id. at 50. As a result of the guildeline "the sentencing guid-line range (based soley on drug quanity) is three to six times greater for crack offenders opposed to powder offenders with an equivalent amount." U.S. Sentencing Commissions, cocaine and federal sentencing policy 11(May 2002) (2002 Report). With respect to all drug trafficking offenses, the emphesis on drug

quanity disturbed the importance of that element as compared with offense characteristics. 2004 Report at 50. With Respect to cocaine, the commission conclude that although powder, which is usually snorted, was less addictive than crack, which is smoked, SEE U.S. v. Brisbane, 361 U.S. App. D.D. 287, 367 F.3d 910, 911 (D.C. Cir.2004), this difference could not account for the 100 to 1 ratio. All forms of cocaine are addictive."The current penalty structure-- which yeilds a five year mandatory minimum for 10 to 50 doses of crack, compared to 2,500 to 5,000 doses of powder cocaine-- greatly overstates the relative harm-fulness of crack cocaine." 2002 Report at93.

These pertinent policy statements issued by the Sentencing Commission in 2002 and 2004 should be considered in the case at bar, and the defendant respectfully ask that a 20 to 1 ratio be applied to his case. This would result in an reduction in the defendants 135 month sentence of 15 months.

(6) The need to avoid unwarranted sentence disparities;

As the result of the sentencing commissions unanimous decision making the 2-level reduction in crack cocaine offenses retroactive, the defendant request that he recieve the 2-level reduction. In Kimbrough v. U.S. 552 U.S. ___ 2007, the Supreme court ruled that federal judges are nolonger bound by the 100 to 1 ratio between crack and powder cocaine. The court futher held that a district court is free to disagree with the USSG controversial 100:1 crack to powder ratio, and are permitted to impose a sentence below the appliciable guideline as a result.

The following are cases where federal judges took into account
the disparity between crack and powder cocaines 100:1 ratio and
how these U.S. District judges framed a more appropriate sentence
caused by the 100:1 ratio. In an Unpublished case U.S. v. Fisher
2005, WL 2542916 (S.D. N.Y. 1-11-05) the court held: " I conclude
that a 100:1 ratio is insufficient to punish crack cocaine dealers
more harshly than those who deal in powder cocaine." "The recomm-
ened guideline range for the drug count, 235 to 293 months in
coustody, substantially overstates the seriousness of the offense
especially compared to an offense involving a comparable amount
of powder cocaine.' "To compare a sentence based on this inflated
range creates unwarranted sentence disparity. It is incumbent on
sentencing courts to reduce such disparity whenever possible.";
U.S v. Perry, 389 F.Supp. 2d 278 (D.R.I.2005)(Whre guideline
range in crack case is 188 to 235 months, sourt will sentence to
120 months because of disparity with powder cocaine guidelines.
"The growing sentiment in the district courts is clear: the adv-
isory guideline range for crack based on the 100:1 ratio cannot
withstand the scrutiny imposed by sentencing courts when the
3553 factors are applied... this court believes a 20 to 1 ratio
(as suggested by the commission in its 2002 report) makes the
most sense."); U.S. v. Beamon, 373 F.Supp. 2d 878 (E.D. Wis.
6-16-05) "inlight of these well supported findings by the comm-
ission, a court act well within it discretion under 3553(a) in
sentencing below the guideline range to account for unreasonable
inflation of sentences called for in crack cases."; Simon V. U.S.
361 F.Supp. 2d 35 (E.D. NY 2005)(The sentencing commissions most
recent report finds that the guidelines recommended sentence for

crack "exaggerate the relative harmfulness of crack cocaine."
Sentence of 262 months was appropriate for conspiring to dist-
bute more than 50 grams of cocaine base; recommended range of
324 to 405 months substantially overstated the seriousness of
offense, particualarly when compared with offenses involving
comparable quantities of powder cocaine.); 3rd Circuit court of
Appeals Presidential Crack Cocaine Opinion in U.S. v. Gunter,
2006 U.S App. LEXIS 23143 (The limited holding here is that
district courts may consider the powder/crack differential in
the guidelines as a factor, but not a mandate, in the post Booker
sentencing process.)

In the instant case, to properly account for the sentencing
Commissions amnedment and U.S. Supreme courts ruling in Kimbrough
this court should impose the mandatory minimum sentence of ten
years as mandated by congress.

(7) The need to provide restitution to any victims of the
offense;

In the instant case a $500 fine was imposed at Mr. Williams
re-sentencing on 4-12-07. This apparently occured so the defen-
dant could be transfered to FCI Fairton, but consequently this
never occured. The defendant is still currently confined at FCI
Gilmer, WV. The $500 fine is a financial burden to Mr. Williams
as he has three children thus money is very limited. Therefore
it is respectfully asked that this Honorable court vacate the
fine portion of Mr. Williams sentence, as the $500 fine is truely
a financial burden on him and his family.

Based on all the relevant 18 U.S.C. 3553(a) Factors setforth herein the 2-level reduction is warranted. This Honorable Court should exercise its discretion and sentence defendant Williams to the 10 year mandatory minimum. A ten yen sentence should be considered sufficient, but not greater than necessary, to serve the purposes of sentencing in the case at bar.

## POST-CONVICTION REHABILITATION

Pursuant to U.S.S.G. 1B1.10(1)(B)(iii) Post sentencing Conduct- the court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendants term of imprisonment is warranted; and, (II) the extent of such reduction, but only within the limits described in section (b).

In the case at bar, Mr. Williams argues that his post-sentencing rehabilitative efforts demonstrates that he is doing everything possible to take possitive steps towards lowering the likelihood of him re-offending in the future. At his last sentencing hearing he presented the court with the following certificates: (1) Anger Management- Creating New Choices, (2) Commericial Drivers License Class, (3) Cardiovascular Conditioning Class, and (4) AC and Refrigeration Class. This was on April 12, 2007.

Since the defendants re-sentencing he has accomplished the following classes earning certificates in each: (1) Money Smart, (2) Keyboarding, (3) Electician Apprentice License, and has graduated from Electricial Maintence on 2-4-2008. Defendant is also working towards his journyman's in Electricity. He will be taking the states test for his journyman's on 2-29-2008. See Exhibit (A) for all updated certificates of accomplishments.

The defendant has become a man of God and in the process has completed

11

several Christian bible courses. He attends both Church and bible study on
a faitful basis. The defendant has turned his life around 110% to the posi-
tive and upon release his plans are as follows; (1) to obtain a job, hope-
fully in the electricial field, (2) support his family, and be the father
his children deserve, and (3) help his teenage daughter raise his grand-
child, and lastly (4) be a positive and productive member to society.

In light of above Mr. Williams has a low probability of returning to
prison. But does have a high probabilty to become an asset to his community
as an possitive and productive member to society.

To support the defendants claim in the case at bar the Court is asked
to review the following herein.

Before Booker, the Supreme Court said in Koon v. U.S. 518 US 81, 113
(1996) that "[i]t has been uniform and constant in the federal judicial trad-
ition for the sentencing judge to consider every convicted person as an ind-
ividual and every case as a unique study in the human failings that sometimes
mitigate, sometimes magnify, the crime and the punishment to ensue." Thus,
the guidelines before Booker, "placed essentially no limits on the number of
potential factors that may warrant a departure." Koon, at 106; US v. Coleman
188 F.3d 354, 358(6th Cir 1999)(en banc)(There are a potentially infinate
number of factors which may warrant a departure.) A departure was warranted
if the case was "unusual enough for it to fall out side the Heartland of
cases in the guidelines." Even when the guidelines were mandatory, they
did not "displace the traditional role of the district court in bringing
compassion and common sense to the sentencing process... In areas where
the sentencing Commission has not spoken... district courts should not
hesitate to use their discretion in devising sentences that provide indi-
vidualized justice." US v. Williams, 65 F.3d 301, 309-310(2nd Cir 1995);

12

"It is important, too, to realize that departures are an important part of the sentencing process because they offer the opportunity to ameliorate, at least in some aspects, the rigidity of the guidelines themselves. District judges, therefore, need not shrink from utilizing departures when the opportunity presents itself and when circumstances require such action to bring about a fair and reasonable sentence." US v. Gaskill, 991 F.2d 82,86 (3rd Cir. 1993). See also, US v. Rudolph, 190 F.3d 720 (6th-1999)(At re-sentencing court may depart for extrodinary rehabilitation occuring after original sentencing); US v. Core, 125 F.3d 74 (2nd Cir. 1997)(Good conduct in prison after initial sentencing may justify downward departure on resentencing. On remand, court should determine if defendants rehabilitative efforts justify departure.); US v. Parella, 273 F.Supp.2d 161(D. Mass. 2003)(Where defendant convicted of being getaway driver in three bank robberies, court departs from 30-37 months to probstion because defendant "totally changed his life and behavior and treatment was successful. "A rehabilitated defendant is not likely to be recidivist"); US v. Blake, 89 F.Supp.2d 328(E.D. NY 2000)(In bank robbery, departure from level 29 to 8 and probation proper in part because incarcerating defendant would "reverse the progress she has made" and reconsidering the decreasing opportunities for rehabilitation in federal prisons resulting from ever-increasing prison populations.)

US v. Carvajal, 2005 WL 476125 (S.D. NY 1-22-05)(unpub.)(In drug case career offender guideline of 262 months too great; client will be 48 when he emerges from prison. The goal of rehabilitation "cannot be in a defendant can look to nothing beyond imprisonment. Hope is necessary condition of mankind, for we are all created in the image of God. A judge should be hesitant before sentencing so severely that he destroys all hope and takes away all possibility of useful life. Punishment should not be more severe

13

than that necessary to satisfy the goals of imprisonment."

In conclusion Mr. Williams post-sentencing rehabilitative efforts clearly demonstrate to this Honorable court that his sentence should be reduced to the 10 year mandatory minimum sentence.

## RELIEF SOUGHT

**WHEREFORE,** I respectfully request that the relief sought herein be in all respects GRANTED. That this Honorable Court reduce defendant's sentence by 2-levels pursuant to Sentencing Commission's recent decision making the 2-level reduction retroactive and I therefore request a two-level "downward departure" from my sentence. In the alternative if this Honorable Court deems it appropriate pursuant to Kimbrough, supra., based on the unwarranted disparity created by the crack/powder ratio itself sentence the defendant to the mandatory minimum sentence in the case at bar herein.

Respectfully Submitted,

Date: 2 / 2.5 / 08

*Wayne S. Williams*

Mr. Wayne S. Williams #04952-015
FCI-Gilmer / P.O. Box 6000
Glenville, W.V. 26351

## Proof of Service

I, Wayne S. Williams, certify that on _____, personally served a copy of the Motion and Brief to Support Motion to Modify A Term of Imprisonment and this proof of service, via U.S. First Class Postage at drop box within the Gilmer _____. Federal Facility in Glenville _____, West Virginia _____. on the following:

Assist. U.S. Attorney Shannon Hanson
1007 Orange Street
Wilmington, DE. 19899-2046

15.



# Calhoun Glass Greer Gor

## Certificate of Completion

*This is to certify that*

### Wayne Williams

*has completed the prescribed course of study in*

### Electrical Maintenance

*awarded this 4th day of February*
*Two Thousand and Eight*

DIRECTOR CGCC

INSTRUCTOR



### The Department of Military Affairs and Public Safety

**Sterling Lewis, Jr.**
State Fire Marshal

Phone: (304) 558-2191
Fax:    (304) 558-2537

### STATE FIRE MARSHAL'S OFFICE

1207 Quarrier St, 2nd Floor
Charleston, WV 25301

**TO:**     WAYNE S.  WILLIAMS

**FROM:**  Anthony W. Carrico, Deputy State Fire Marshal

**RE:**     Electrician Examination Results

#### *Congratulations !*

It is our pleasure to inform you that you have passed the West Virginia State Electrical Examination for the APPRENTICE level administered to you 10/29/2007 0:00:00at our FCI GILMER location.  A minimum score of 80 out of 100 possible points is required to pass the exam.   Your final test score was: 80

You are now able to obtain a West Virginia Electrical License for the level of competency tested. Please be aware that even though you passed the examination, you need to obtain your actual license in order to perform work legally.

All licenses shall expire on June 30th of each year and the annual renewal fee is $ 50.00. A courtesy renewal notice shall be mailed to the last address on file no later than May of each year, however, it is the *licensee's responsibility* to keep his / her license current.

Should you wish to obtain your West Virginia Electrical License, please return this form along with fee of *$ 50.00* which will grant you license until June 30, 2008.

Please make any necessary changes below:

Name:     WILLIAMS , WAYNE S.

S.S.No.:     _____-___-_____  or  Drivers License No.: _____

Address:    C/O PO BOX 5000
GILMER, WV   26351-