**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 07-2334

---

UNITED STATES OF AMERICA

v.

WAYNE STEPHEN WILLIAMS,

Appellant

---

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 05-cr-00017)
District Judge: Hon. Sue L. Robinson

---

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 6, 2008

BEFORE: AMBRO, CHAGARES and COWEN, Circuit Judges

(Filed: June 17, 2008)

---

OPINION

---

COWEN, Circuit Judge.

In 2005, Wayne Stephen Williams pled guilty to Count I of a three count indictment which charged that he "did knowingly possess with intent to distribute more than fifty (50) grams of a mixture and substance containing a detectable amount of cocaine base . . . in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)."  (App. 26.)  In October 2005, the District Court sentenced Williams to 151 months imprisonment, to be followed by five years of supervised release.  On appeal, we vacated that sentence in light of our decision in United States v. Gunter, 462 F.3d 237 (3d Cir. 2006), and remanded the matter for resentencing.  See United States v. Williams, 201 F. Appx. 125 (3d Cir. 2006) (not precedential).

On remand, Williams requested that the District Court sentence him below the advisory sentencing guideline range of 151-188 months imprisonment.  He requested a sentence of 120 months imprisonment (the mandatory minimum sentence).  In April 2007, the District Court departed from the advisory guideline range, and sentenced Williams to 135 months imprisonment, to be followed by five years of supervised release.  In arriving at this sentence, the District Court noted that the sentence was based not only on the crack/cocaine disparity in sentences, but also on other factors, including Williams'

2

post-conviction rehabilitation efforts.

Williams filed a timely notice of appeal. On appeal, Williams' counsel filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Williams did not file a pro se brief in response to the Anders motion, even though he was given the opportunity to do so. After reviewing counsel's Anders brief, we will deny the Anders motion and remand the matter to the District Court for further proceedings.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Where counsel files an Anders motion, our inquiry is twofold: (1) whether counsel adequately fulfilled the Anders requirements, and (2) whether an independent review of the record presents any nonfrivolous issues. See United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).

III.

To adequately fulfill the Anders requirements, counsel's brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and . . . explain[ed] why the issues are frivolous." Youla, 241 F.3d at 300 (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). Counsel must engage in a conscientious examination of the case. See id.

Counsel's Anders brief included a detailed analysis of the reasonableness of the 135 month sentence. To prevail on appeal, Williams must show that his sentence was

3

unreasonable. See United States v. Olfano, 503 F.3d 240, 244 (3d Cir. 2007). Here, the District Court analyzed the 18 U.S.C. § 3553(a) factors, and sentenced Williams below the advisory guideline range. It specifically noted not only the disparity in crack/cocaine sentences, but also Williams' post-conviction rehabilitation efforts. Williams failed to show that the sentence was unreasonable.

Nevertheless, based on circumstances arising after the parties filed their appellate briefs, we will remand the matter to the District Court for further proceedings. As previously noted, the second prong of our Anders inquiry requires us to conduct an independent review of the record for any nonfrivolous issues. Williams was sentenced in April 2007. While the sentencing guidelines are no longer mandatory, 18 U.S.C. § 3553(a)(4) directs the District Court to consider the guidelines that are in effect at the time of sentencing in arriving at an appropriate sentence. Thus, "we will continue to expect that district courts will calculate the applicable sentencing ranges using the Guidelines extant at the time of sentencing, and we will continue to review the propriety of a sentence based on those same Guidelines." See United States v. Wise, 515 F.3d 207, 220 (3d Cir. 2008). On review, there are two exceptions to this rule. See id. The first exception is applicable if applying the version of the guidelines in effect on the date of sentencing presents an ex post facto problem. See id. (citing United States v. Menon, 24 F.3d 550, 556 (3d Cir. 1994)). This exception is not implicated in this case.

The second exception is applicable if a subsequent guideline amendment merely

clarifies the law in existence at the time of sentencing as opposed to working a substantive change of law. See id. (citing United States v. Diaz, 245 F.3d 294, 301 (3d Cir. 2001)). On November 1, 2007, the Sentencing Commission adopted amendment 706 to the advisory guidelines. "In general, the effect of Amendment 706 is to decrease by two levels the base offense levels for crack cocaine offenses." Wise, 515 F.3d at 219 (citing U.S.S.G. § 2D1.1 (Nov. 1, 2007); U.S.S.G. Supp. to App'x C, Amend. 706)). Amendment 706 became retroactive as of March 3, 2008. See U.S.S.G. § 1B1.10(c) (Supp. May 1, 2008). Nevertheless, "we have previously ruled that a post-sentencing amendment reducing the base offense level applicable to a particular offense is a substantive change and is therefore not applied retroactively to cases on appeal." See Wise, 515 F.3d at 220 (citing United States v. Marcello, 13 F.3d 752, 756 (3d Cir. 1994). Accordingly, the second exception is also not implicated by this appeal.

However, this does not end our inquiry for purposes of deciding counsel's Anders motion. In Wise, we noted that the appellants could possibly obtain some benefit from amendment 706 by filing a 18 U.S.C. § 3582(c)(2) motion in the District Court after amendment 706 became retroactive on March 3, 2008. See 515 F.3d at 220-21. Section 3582(c)(2) provides an exception to the general rule that a District Court cannot alter a term of imprisonment once it has been imposed; specifically, it states that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant

5

> or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. The statutory provision contemplates that a defendant should petition the District Court for a sentence modification. See, e.g., United States v. Gunter, – F.3d –, 2008 WL 2331384, at *5 n.3 (3d Cir. June 9, 2008); see also United States v. Brewer, 520 F.3d 367, 373 (4th Cir. 2008) (declining to remand the matter to the District Court, but noting that its decision is without prejudice so that the appellant can pursue a § 3582(c)(2) motion in the District Court). However, where an appellant raises this issue on appeal, there is no need to force him to take the additional step of filing a § 3582(c)(2) motion in the District Court. See Marcello, 13 F.3d at 756 n.3; see also United States v. Whiting, 522 F.3d 845, 853 (8th Cir. 2008) ("Where an amendment to the guidelines becomes retroactive during the appellate proceedings on a case, it may be remanded to the district court for a determination of whether the amendment warrants a sentence reduction.").

We must complete an independent review of the record in this case in light of the Anders motion. Williams' counsel could have argued that the case should be remanded so that the District Court can consider whether to reduce the sentence based on the amended advisory sentencing guideline range and § 3582(c)(2).[1] Whether the sentence

---

[1] Williams' counsel contemplated that the sentencing guidelines would be amended, and that the amendment would become retroactive. Counsel asserted that this would not

should be reduced in light of amendment 706 is an arguable issue, but one that is appropriate for the District Court to consider in the first instance. See United States v. Vasquez, 53 F.3d 1216, 1228 (11th Cir. 1995).

IV.

For the reasons outlined above, we will deny the Anders motion. The matter is remanded to the District Court so that it can consider whether to reduce Williams' sentence pursuant to 18 U.S.C. § 3582(c)(2). We express no opinion on whether the District Court should reduce the sentence in light of the amendment to the advisory sentencing guidelines range.

---

affect the reasonableness of the sentence because even if the amendment became retroactive (which it now is), Williams' sentence of 135 months was within the new advisory guideline range of 121-151 months. However, based on the fact that an appellant can raise a § 3582(c)(2) issue on appeal in requesting the matter be remanded, see Marcello, 13 F.3d at 756 n.3, this is a nonfrivolous issue that could have been raised by counsel in Williams' appellate brief.

7